THIS OPINION HAS NO PRECEDENTIAL
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
 EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 v.
 
 James Walter Thompson, IV, Appellant.
 Appellate Case No.
 2009-135606
 
 
 

Appeal From Pickens County
 G. Edward Welmaker, Circuit Court Judge

Unpublished Opinion No. 2012-UP-336
Heard May 8, 2012 – Filed May 30, 2012

AFFIRMED

 
 
 
 Appellate
 Defender Kathrine H. Hudgins of Columbia, for Appellant.
 Attorney
 General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant
 Deputy Attorney General Salley W. Elliott, and Assistant Attorney General
 William M. Blitch, Jr., all of Columbia, and Solicitor Robert M. Ariail, of
 Greenville, for Respondent.
 
 
 

PER CURIAM: 
 James Thompson seeks reversal of his convictions based on the trial court's
 allegedly incomplete jury charges.  At oral argument, Thompson conceded that,
 at trial, he "did not offer the charge as we are discussing it here
 today."  When asked by the court how the objection to the charge was
 preserved, Thompson acknowledged preservation "is a difficult
 question."  We find the issue unpreserved and affirm pursuant to Rule
 220(b)(1), SCACR, and the following authorities: Rule 20, SCRCrimP (Any
 objection to a jury charge "shall state distinctly the matter
 objected to and the grounds for objection.  Failure to object in accordance
 with this rule shall constitute a waiver of objection." (emphasis added)); State v. Morris, 307 S.C. 480, 486, 415 S.E.2d 819, 823 (Ct. App.
 1991) (finding defendant's appellate objection to curative jury charge
 unpreserved because "[n]o issue is preserved for appellate review if the
 objecting party accepts the judge's ruling and does not contemporaneously make
 an additional objection to the sufficiency of the curative charge").
AFFIRMED.
FEW, C.J., and HUFF and SHORT, JJ., concur.